DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ANDREW M. SCOBLE (CABN 124940)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7249
    Fax:  (415) 436-7234
    Email:  andrew.scoble@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-0590 EMC |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| RIGOBERTO ALEXANDER GONZALEZ-ESCOBAR, | Sent. Hrg.: June 19, 2019<br>Time:         10:00 a.m.<br>Courtroom: Five (17th Floor) |
| Defendant. | |

## I.     INTRODUCTION

The government files this Sentencing Memorandum in anticipation of the June 19, 2019 sentencing of defendant Rigoberto Alexander Gonzalez-Escobar.  Pursuant to its written plea agreement with the defendant, the government respectfully requests that the Court sentence the defendant to 72 months in prison followed by three years of supervised release (including an expanded search condition); a $200 special assessment; no criminal fine; and forfeiture of certain firearms and ammunition as set forth in the plea agreement.

## II.     BACKGROUND

On December 12, 2018, the defendant pleaded guilty to both counts of a two-count Information,

pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). Dkt. No. 11. Specifically, the defendant entered pleas of guilty to Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). In his written plea agreement, he admitted the following offense conduct:

> On August 30, 2018, I lived at 2661 Parker Avenue in Oakland, California with my girlfriend and our infant child. 2661 Parker Avenue is a two-bedroom single floor house. One of the primary purposes for the premises was to cultivate marijuana. For that reason, both bedrooms were converted to marijuana cultivation facilities – including trays, irrigation, air circulation, and exhaust systems – and my girlfriend, child and I slept in the living room. The marijuana grow consisted of more than 400 marijuana plants. I intended to distribute the marijuana to other people.
>
> On August 30, 2018, I possessed a Norinco SKS 7.62 caliber assault rifle (serial number 61614), a large capacity magazine with 21 rounds of 7.26 caliber ammunition, a Gabilondo y Cia Vitoria .380 caliber pistol (serial number B01654), and a bag of 21 rounds of assorted caliber ammunition. I kept these firearms and ammunition at the house at 2661 Parker Avenue in order to protect the marijuana grows from robbery. I therefore possessed the firearms in furtherance of the marijuana growing operation.

Plea Agt. [Dkt. No. 11] ¶ 2.

The parties agreed to a guidelines calculation resulting in an adjusted offense level 10. The Pre-Sentence Report (PSR) is in agreement with that calculation. *See* PSR ¶ 27. In addition, the PSR concludes that the defendant is a Criminal History Category II. PSR ¶ 32. Further, the Court is required to sentence the defendant to 60 months on Count Two, that term to run consecutive to any other term of imprisonment. Plea Agt. at 3; PSR ¶ 53. In their written agreement, the parties have agreed to jointly recommend a total sentence of **72 months'** imprisonment. Plea Agt. ¶¶ 14, 15. (The Probation Office, however, has recommended a total sentence of 68 months of imprisonment.)

In his plea agreement, the defendant agreed to forfeiture of: (1) one Norinco SKS semi-automatic rifle bearing serial number 61614; (2) one Llama-Gabilondo y Cia Vitoria .380 caliber, semi-automatic pistol bearing serial number B01654; (3) one large capacity rifle magazine containing 7.62 caliber ammunition; and (4) any ammunition associated with the .380 caliber pistol. Plea Agt. ¶ 11. In

/ /

/ /

addition, he agreed to imposition of the following expanded search condition as a term of supervised release:

> Special Condition (Searches)
>
> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Plea Agt. ¶ 8.

## III.   DISCUSSION

The government respectfully recommends that the Court impose a sentence of 72 months' imprisonment, followed by a three-year term of supervised release which incorporates the expanded search condition, and a $200 special assessment. The government agrees that a criminal fine is inappropriate.

**A. Applicable Law**

Title 18, United States Code, Section 3553(a) directs the district court to consider a number of factors in determining the appropriate sentence to impose. In this case, these factors indicate that the sentence set forth in the parties' written plea agreement is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Significant factors here are the nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)), the need to afford adequate deterrence to criminal conduct (*id.* § 3553(a)(2)(B)), the need to protect the public from further crimes of the defendant (*id.* § 3553(a)(2)(C)), and the need to avoid unwarranted disparity with the sentences of other defendants (*id* § 3553(a)(6)).

Although the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing, *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (internal quotation marks and citation omitted); *see Carty*, 520 F.3d at 991. While there is no presumption of

reasonableness for a Guidelines-range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991-92 (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)); *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence"). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. Finally, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing." *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *see, e.g., United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010).

### B. Sentencing the Defendant to the Agreed Upon Sentence Would Vindicate the Interests Set Forth in 18 U.S.C. § 3553(a)

The government has no objections to the Presentence Report ("PSR"). The government is largely in agreement with the sentence recommended in the PSR, for the reasons set forth there – with one exception. The government recommends a sentence of 12 months' custody rather than only eight months. Twelve months in custody is the term which the parties agreed jointly to recommend. More importantly, it is supported by the offense conduct.

The marijuana being grown by the defendant at the house in Oakland was destined specifically for MS-13 gang members in Mendota, California. It was intended to be sold by those gang members for the benefit of the gang. *See* PSR ¶¶ 7, 10. As this Court is no doubt aware, MS-13 (*La Mara Salvatrucha*) is a huge, translational criminal organization with branches (or "cliques") all over the world and in most states of the United States. Violence – violence in dealing with rivals, in disciplining its own members, and in cowing the local community – is one of its hallmarks. In a very real sense, the marijuana cultivated by this defendant went to fund a vicious criminal enterprise. Further, this defendant kept an assault rifle with a loaded 30-round magazine on the premises, as well as a handgun and more ammunition (in a different location). PSR ¶ 11. The offense conduct thus establishes both a general danger to the community (in terms of the funding of the activities of MS-13) and a more specific

danger to persons visiting the grow house who would, or might be perceived to, pose a threat to the crop under cultivation.

As is set forth in the PSR, the sentence contained in the written plea agreement would be sufficient, but not greater than necessary, to achieve the goals of sentencing under 18 U.S.C. § 3553(a). A total sentence of 72 months should suffice to protect the public at large, to reflect the seriousness of the offenses of conviction, and to provide a just punishment while avoiding unwarranted sentence disparities among defendants convicted of similar conduct.

The government recommends a three-year term of supervised release, with the conditions set forth in the PSR. Even though the defendant may be deported following completion of his custodial sentence, deportation is not assured. Further, even the defendant is deported, and even if his current significant other and their child remove to El Salvador (*see* PSR ¶ 43), the defendant has other children who apparently will continue to reside with their mother in California (*see* PSR ¶ 42).

The proposed sentence is not greater than necessary to achieve the ends of justice in this case. For all of those reasons, and pursuant to the written Plea Agreement, the government respectfully requests that the Court sentence Rigoberto Alexander Gonzalez-Escobar to a total sentence of 72 months; a term of three years of supervised release (with all the terms and conditions set forth in the PSR, including the conditions that he not participate in gang activity, and not associate with any member of MS-13); no criminal fine (based upon a finding of inability to pay a criminal fine); and a $200 special assessment.

The conditions of supervised release should include the following expanded search condition, to which the defendant agreed:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Plea Agt. ¶ 8.

/ /

## IV.   CONCLUSION

For all of the above reasons, government respectfully requests that the Court sentence defendant Rigoberto Alexander Escobar-Gonzalez in conformity with the parties' written plea agreement. The total sentence should be 72 months. The defendant appears unable to pay a criminal fine. Restitution for this defendant is not applicable. The mandatory special assessment totals $200. The custodial sentence should be followed by a three-year term of supervised release, incorporating the terms and conditions set forth in the PSR.

DATED:  June 12, 2019                                         Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
_____

ANDREW M. SCOBLE
Assistant United States Attorney